IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. HEGEDUS and <br> VIRGINIA E. HEGEDUS, <br>            Plaintiffs, <br>   v. <br> ROBERT L. ROSS, <br> ONEIDA SANDRA ROSS, and <br> CARL A. SPANGLER, <br>            Defendants. | C. A. No. 12-025-LPS-MPT |

## REPORT AND RECOMMENDATION

**I. INTRODUCTION**

    **A.    Procedural Background**

Pro se plaintiffs James and Virginia Hegedus ("plaintiffs") filed a complaint on January 12, 2012, seeking compensatory and punitive damages from defendants Robert and Oneida Ross ("Rosses") and Carl Spangler ("Spangler") (collectively "defendants").[1] Plaintiffs asserted numerous grounds for relief, all arising from their April 24, 2006, purchase of real property in Delaware. On February 6, 2012, defendants filed separate motions to dismiss plaintiffs' complaint.[2] Both motions assert statute of limitations, res judicata and collateral estoppel, and failure to state a claim for relief as the basis for dismissal.[3] Plaintiffs filed responses to defendants' motions on February

---

[1] D.I. 1.
[2] D.I. 6; D.I. 8.
[3] *Id.*

23, 2012.[4]  Spangler and the Rosses filed briefs in reply on March 1 and March 5, 2012, respectively.[5]  Currently before the court are defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B.     Legal Standard**

In analyzing a motion to dismiss under Rule 12(b)(6), a review of Rule 8(a)(2) is necessary.  It requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6]  Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[7]

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[8]  Evaluating a motion to dismiss under Rule 12(b)(6) requires the court to accept as true all material allegations of the complaint.[9]  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[10]  A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the

---

[4] D.I. 10; D.I. 11.
[5] D.I. 13; D.I. 14.
[6] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Id.,* (quoting *Twombly*, 550 U.S. at 570); *see* Fed. R. Civ. P. 12(b)(6).
[8] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[9] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).
[10] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).

2

complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."[11] The burden of demonstrating the plaintiff has failed to state a claim upon which relief may be granted rests on the movant.[12]

For the non-moving party to survive a motion to dismiss under Rule 12(b)(6), the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[13] A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond "labels and conclusions."[14] Heightened fact pleading is not required, rather "enough facts to state a claim to relief that is plausible on its face" must be alleged.[15] The plausibility standard does not rise to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully."[16] Rejected are unsupported allegations, "bald assertions," or "legal conclusions."[17] Additionally, "the tenet that a court must accept as true all of the allegations contained in

---

[11] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).
[12] *Toy v. Plumbers and Pipefitters Local Union No. 74*, 439 F. Supp. 2d 337, 342 (D. Del. 2006).
[13] *Twombly*, 550 U.S. at 555; *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).
[14] *Twombly*, 550 U.S. at 555.
[15] *Id.* at 570.
[16] *Iqbal*, 129 S. Ct. at 1949.
[17] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).

a complaint is inapplicable to legal conclusions."[18]

"Only a complaint that states a plausible claim for relief survives a motion to dismiss," which is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] Thus, well-pled facts which only infer the "mere possibility of misconduct," do not show "'the pleader is entitled to relief,'" under Rule 8(a)(2).[20] The complaint must show such an entitlement by way of its facts.[21] "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[22] For purposes of the matter before the court now, it is important to note "a document filed pro se is 'to be liberally construed' and 'a pro se complaint, however inartfully pleaded, will be held to less stringent standards than formal pleadings drafted by lawyers.'"[23]

### C. Positions of the Parties

Defendants contend their respective motions to dismiss for failure to state a claim should be granted because: (1) the claims are barred by the applicable statute of limitations; (2) the claims are barred by the doctrines of collateral estoppel and res judicata; and (3) plaintiffs failed to state a claim upon which relief can be granted.[24] Plaintiffs counter defendants' contentions by asserting, respectively: (1) their cause of

---

[18] *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").
[19] *Iqbal*, 129 S. Ct. at 1950.
[20] *Id.*
[21] *Giles v. Med. Contrs. CMS*, 680 F. Supp. 2d 633, 636 (D. Del. 2010).
[22] *Id.*
[23] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).
[24] D.I. 7 at 5; D.I. 9 at 8.

4

action did not accrue until September 29, 2009,[25] thus their January 12, 2012 complaint was within the statutory period; (2) res judicata and collateral estoppel are inapplicable because this litigation involves legal issues not previously adjudicated, and they were not parties to the previous proceeding;[26] and (3) "Plaintiffs have stated they are entitled to relief under law."[27]

## II. ANALYSIS

As mentioned above, a motion to dismiss pursuant to Rule 12(b)(6) is not granted where the non-moving party asserts well pleaded facts to support a plausible claim for relief. Such a motion does not evaluate the merits of the asserted claims, therefore this report and recommendation simply addresses the sufficiency of plaintiffs' complaint in determining whether dismissal is appropriate. Pursuant to Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[28] "[E]nough facts to state a claim to relief that is plausible on its face" must be alleged.[29]

Plaintiffs seek a monetary award for "intentional torts of fraud, misrepresentation, slander of title, negligence and infliction of emotional distress," and seek punitive damages for "non-disclosure as required under Delaware law, artifice, deceit, bad faith,

---

[25] D.I. 10 at 4.
[26] *Id.* at 7.
[27] *Id.* at 5.
[28] *Iqbal*, 129 S. Ct. at 1949.
[29] *Twombly*, 550 U.S. at 570.

unjust enrichment, perjury, the active concealment of material facts, and Plaintiffs' loss of bargain."[30] Before moving to the sufficiency of the factual pleadings with respect to the individual claims, this court will first address the statute of limitations defenses raised by defendants in order to determine if plaintiffs' claims are time barred as defendants contend.

### A. Delaware Statute of Limitations

Defendants argue this action is barred by the applicable statute of limitations based on plaintiffs' own admissions as to the time when the alleged malfeasances occurred.[31] In determining what statute of limitations is applicable in a diversity suit, the court must apply the statute of the forum state.[32] As Delaware is the forum state, the applicable statutes triggered by plaintiffs' claims are 10 *Del. C.* § 8106 and 10 *Del. C.* § 8119. Plaintiffs have not challenged the applicability of these statutes to the relevant claims; therefore, the court must only address when the limitations period began to run, and whether this matter was appropriately filed within the statutory period.

#### 1. 10 Del. C. § 8106

Relevant portions of 10 *Del. C.* § 8106(a) state "no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action."[33] This three-year limitation applies to the following claims asserted by

---

[30] D.I. 1 at ¶ 3.
[31] D.I. 9 at 12; D.I. 7 at 8.
[32] *Ontario Hydro v. Zallea Systems, Inc.*, 569 F. Supp. 1261, 1265 (D. Del. 1983).
[33] Del. Code Ann. tit. 10, § 8106.

6

plaintiffs: negligence;[34] misrepresentation;[35] unjust enrichment;[36] and fraud.[37]

Accepting all allegations in the complaint as true, the latest date when an alleged wrongful act may have occurred was June 14, 2006, the date the Rosses and Spangler signed the allegedly perjurious insurance and tax affidavits.[38] Therefore, absent tolling, the statue of limitations expired, at the latest, on June 14, 2009. At first blush, the claims appear to be time barred, as they were filed January 12, 2012, considerably more than three years after the latest possible date that the action accrued. However, plaintiffs argue the claims are not time barred because they "were unaware of Spangler's misrepresentations and his failure to provide disclosure as mandated by state law."[39] According to plaintiffs, "it was that time September 29, 2009, when Plaintiffs received a copy of the aforementioned listing agreement, that Plaintiffs became aware of the fraud, misrepresentation, and the intentional torts to deceive by Defendant Spangler, that the statute began to toll."[40]

In determining when the cause of action accrues for a claim under this section, the Delaware Supreme Court has held:

---

[34] *See Ontario Hydro,* 569 F. Supp. at 1271 (barring negligence claim under § 8106).
[35] *See In re Fruehauf Trailer Corp.*, 250 B.R. 168, 184 (D. Del. 2000) (applying § 8106 to misrepresentation claim).
[36] *See id.* (applying § 8106 to unjust enrichment claim).
[37] *See Krahmer v. Christie's, Inc.*, 911 A.2d 399 (Del. Ch. 2006) (applying § 8106 to fraud claim). For purposes of this motion, the court will liberally construe plaintiffs' bald assertions of "deceit," "artifice," and "bad faith," and include those allegations under a claim for fraud.
[38] D.I. 1 at 51-54. These affidavits were executed after the other purportedly fraudulent documents and instruments referenced in the complaint had been signed and completed.
[39] D.I. 10 at 4.
[40] *Id.*

7

> Under Section 8106, the period of limitations normally begins to run at the time of wrongful act. Ignorance of the cause of action will not toll the statute, absent concealment or fraud, or unless the injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of. In the latter circumstances, the statute of limitations begins to run upon the discovery of facts "constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts.[41]

Therefore, if the limitations period of section 8106 is tolled, it "is tolled *only until* the plaintiff discovers (or exercising reasonable diligence should have discovered) his injury."[42] The running of the statute of limitations is tolled only while the discovery of the existence of a cause of action is a practical impossibility.[43] Accordingly, the limitations period "begins to run when the plaintiff is objectively aware of the facts giving rise to the wrong, i.e., on inquiry notice."[44] It is no longer tolled once the plaintiff has reason to know a wrong has been committed, and there is an "ostensible reason to suspect of deception."[45]

### i. Plaintiffs Were on Inquiry Notice in 2007

Construing the complaint liberally in a manner most favorable to plaintiffs, the various allegations of fraud operate to assert the limitations period was tolled by

---

[41] *Coleman v. PriceWaterhouseCoopers, LLC*, 854 A.2d 838, 842 (Del. 2004) (citations omitted) (emphasis in original).
[42] *EBS Litig. LLC v. Barclays Global Investors, N.A.*, 304 F.3d 302, 305 (3d Cir. 2002) (emphasis in original) (quoting *In re Dean Witter P'ship Litig.*, C.A. No. 14816, 1998 Del. Ch. LEXIS 133, at *6 (Del. Ch. July 17, 1998)).
[43] *Dean Witter*, 1998 Del. Ch. LEXIS 133, at *19.
[44] *EBS Litig. LLC*, 304 F.3d at 305.
[45] *Dean Witter*, 1998 Del. Ch. LEXIS 133, at *20.

defendants' fraudulent concealment.[46] The "doctrine of fraudulent concealment tolls the statute of limitations until a plaintiff is put on inquiry notice where an affirmative act of concealment or a misrepresentation was used to put the plaintiff off the trail of inquiry."[47] Inquiry notice does not require a plaintiff to have actual knowledge of a wrong. Instead, the standard requires "simply an objective awareness of the facts giving rise to the wrong–that is, a plaintiff is put on inquiry notice when he gains possession of facts sufficient to make him suspicious, or that ought to make him suspicious."[48] Here, in their complaint, plaintiffs clearly assert facts sufficient to put them on inquiry notice when they posit the following:

> In Spring, 2007, Plaintiffs contacted Sussex County, the County where the property is located, to apply for business licensing. Plaintiffs were denied application due to the County zoning restrictions. These restrictions were **not disclosed to Plaintiff**, nor recited in Plaintiff's deed.[49]

The denial in 2007 for a business license clearly served as a fact sufficient to put a person of ordinary intelligence on inquiry which, if pursued, would have led to the discovery of the facts of the allegedly fraudulent transaction.[50] Therefore, the statute was no longer tolled in 2007, meaning the § 8106 claims were barred in the Spring of 2010, and had been expired for almost two years at the time this action was filed on January 12, 2012.

---

[46] D.I. 1 at ¶ 5. The court reads "active concealment of material facts" as a claim to toll the statute of limitations due to fraudulent concealment.
[47] *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, C.A. No. 4119-VCS, 2010 Del. Ch. LEXIS 22, at *27 (Del. Ch. Jan. 27, 2010).
[48] *Id.* (quotations omitted).
[49] D.I. 1 at ¶ 9 (emphasis in original).
[50] *Coleman*, 854 A.2d at 842 (citations omitted).

9

### ii. Plaintiffs Were Not Blamelessly Ignorant and Injury Was Not Inherently Unknowable in 2007

Plaintiffs were not blamelessly ignorant of the injury created by defendants' wrongful acts after the Spring of 2007 to continue tolling the limitation period. This exception is "narrowly confined . . . to injuries which are both: (a) inherently unknowable; and (b) sustained by a blamelessly ignorant plaintiff."[51] Assuming for purposes of this motion, plaintiffs were blamelessly ignorant of the zoning restrictions and undisclosed "agricultural activity" at the time of settlement, and those claimed injuries were inherently unknowable, again the latest they may attempt to claim this exception is 2007. For the statute to operate against a claim, it is not required that *all* facts be known to plaintiffs; rather only those facts which allow the injury to first manifest itself are needed.[52] Clearly, the license denial in 2007 was a manifestation of their claimed injury, a denial which gave plaintiffs reason to be aware of a potential wrong, or to suspect deception.[53] As a result, plaintiffs' claims for negligence, misrepresentation, unjust enrichment, and fraud are barred by the three-year statute of limitations under 10 *Del. C.* § 8106.

### 2. 10 Del. C. § 8119

Plaintiffs' remaining claims for infliction of emotional distress and slander of title fall under 10 *Del. C.* § 8119 which provides that "no action for the recovery of damages

---

[51] *David B. Lilly Co. v. Fisher*, 18 F.3d 1112, 1117 (3d Cir. 1994).
[52] *Isaacson, Stolper & Co. v. Artisan's Sav. Bank*, 330 A.2d 130, 134 (Del. 1974) (holding "statute of limitations began to run when plaintiff received first notification . . . that being the time when defendant's failure to comply with the law first manifested itself").
[53] *Dean Witter*, 1998 Del. Ch. LEXIS 133, at *20.

10

upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained."[54] Much like 10 *Del. C.* § 8106, the cause of action for personal injury claims accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action.[55]

### i. Emotional Distress Injuries Were Sustained in 2007

Claims for emotional distress are considered personal injury claims, and thus fall under the two-year statute of limitations for section 8119.[56] This period "begins to run at the time the injuries are sustained, not when their full extent are known."[57] As defendants correctly point out, "Plaintiffs' Complaint is devoid of any allegation that [defendants] emotionally injured Plaintiffs within the last two years."[58] Plaintiffs respond by asserting "Defendants have no way of knowing the degree of stress of the Plaintiffs were and are still under,"[59] however their response ignores the deficiency in their complaint which defendants point out.

Much like 10 *Del. C.* § 8106, Delaware case law holds the cause of action for personal injury claims accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his cause of action.[60] As shown above, after the denial in

---

[54] Del. Code Ann. tit. 10, § 8119.
[55] *Chrisco v. Shafran*, 525 F. Supp. 613 (D. Del. 1981).
[56] *Wright v. ICI Ams., Inc.*, 813 F. Supp. 1083, 1085 (D. Del. 1993); *see also Hall v. Yacucci*, C.A. No. 98-C-05-249 SCD, 1998 Del. Super. LEXIS 284 (Del. Super. Ct. June 4, 1998).
[57] *Sharfran*, 525 F. Supp. at 616.
[58] D.I. 9 at 15.
[59] D.I. 11 at 6.
[60] *Chrisco v. Shafran*, 525 F. Supp. 613 (D. Del. 1981).

11

2007 for a business license, plaintiffs had reason to know of the purported injury that now serves as the basis for their claim. Furthermore, plaintiffs assert "in late 2008, Plaintiffs' residence was being 'buzzed' by a crop duster, covering the house with chemicals, knocking pictures off the walls, and shaking dishes in the cabinet. **No agricultural activity was disclosed** to the Plaintiffs."[61] This admission shows another fact giving reason to know injuries had been sustained more than two years before the filing of the complaint. Therefore, at the latest, the statute was no longer tolled in 2008, meaning the § 8119 claims were barred in 2010, and had been expired for well over a year at the time this action was filed on January 12, 2012.

### ii. Slander of Title Claim Accrued in 2006

Plaintiffs also assert a claim for slander of title.[62] The elements for a slander of title claim are "(1) the malicious (2) publication of (3) false matter concerning the state of title of property which (4) causes special damages."[63] The Delaware code does not have a statute expressly referring to a limitations period for slander of title, therefore this court must look to the statute of limitations applicable to actions for libel and slander, 10 *Del. C.* § 8119.[64] In Delaware, "any action alleging slander and/or libel must be filed within the two-year period from the date the allegedly defamatory statement is

---

[61] D.I. 1 at ¶10 (emphasis in original).
[62] Delaware law does not expressly create a cause of action for "slander of title"; however, the court construes the complaint in a light most favorable to plaintiff and will analyze this claim under existent case law that can be applied to the facts asserted.
[63] *Rudnitsky v. Rudnitsky*, C.A. No. 17446, 2000 Del. Ch. LEXIS 165, at *42 (Del. Ch. Nov. 14, 2000).
[64] *See* 50 Am Jur 2d Libel and Slander § 541 ("In the absence of a statute expressly referring to actions for slander of title, the statute of limitations applicable to actions for libel and slander often applies to actions for slander of title.").

12

communicated to the third party."[65] Any statements made more than two years prior to the time action was filed cannot provide a basis for recovery.[66]

Plaintiffs represent "a listing that was published on the internet, showing Defendant Spangler as the owner of the property, is slander of title."[67] Liberally construing the complaint in a light most favorable to plaintiffs, the latest possible date for any allegedly defamatory statement is April 28, 2006, the date of the above referenced listing.[68] Being that any statements made more than two years prior to the time action was filed cannot provide a basis for recovery,[69] plaintiff may not bring a claim for slander of title in 2012 based on that publication in 2006. Accordingly, plaintiffs' claim is barred under 10 *Del. C.* § 8119, as it was filed almost six years after the listing at issue was published.

B.   **Failure to State a Claim for Perjury**

Finally, the court recommends plaintiffs' claims of perjury against defendants be dismissed due to failure to state a claim for relief. Under Delaware law, "there is no private cause of action for perjury."[70] "Perjury is a claim against the administration of

---

[65] *Smiley v. Chrysler*, 538 F. Supp. 2d 711, 716 (D. Del. 2008).
[66] *See Read v. Baker*, 430 F. Supp. 472, 477 (D. Del. 1977) (barring any claim filed after February 8, 1973, relating to "slanderous statement made or libelous statement printed" on February 8, 1971).
[67] D.I. 10 at 6.
[68] *Id.* at 21.
[69] *See Read,* 430 F. Supp. at 477.
[70] *Petsinger v. Doyle*, C.A. No. 01A-12-005-FSS, 2002 Del. Super. LEXIS 254, at *7 (Del. Super. Ct. Oct. 9, 2002); *see also Trustees of Local 478 Pension Fund v. Pirozzi*, 486 A.2d 1288 (Law Div. 1983) ("New Jersey courts are loathe to imply a civil remedy from a penal statute . . . although an individual may be harmed by the violation of a penal statute, the implication of a civil remedy from the penal statute will not follow.").

justice. There is no private claim on behalf of someone injured by perjury."[71] Therefore, plaintiffs may not assert perjury as an independent ground for their private relief, and thus, this claim should be dismissed as well.

## III. ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, this Court recommends:

(1) Defendant Spangler's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (D.I. 6) is GRANTED.

(2) Defendant Rosses' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (D.I. 8) is GRANTED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation.[72] The objections and response to the objections are limited to ten pages each.

The parties are directed to the Court's Standing Order in Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Date: July 12, 2012 /s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

---

[71] *Petsinger*, 2002 Del. Super. LEXIS 254, at *7.
[72] FED. R. CIV. P. 72(b)(2).